Ruffin, J.
 

 The only case cited in support of the first position, is that of
 
 Chestnut
 
 v.
 
 Meares, 3
 
 Jones’ Eq. 416. But that turned on the peculiar provisions of the singular instrument, on which the question arose, and the main purposes of the instrument as
 
 declared in it,
 
 which would have been frustrated by a contrary construction. It has no application here, which is a simple, immediate, and absolute gift to the donee or donees, without the least allusion to any particular estate. In whatever the daughter gets, therefore, she must take the entire property.
 

 It was next argued for the plaintiffs, “that- increase”meant “children,” and if so, then, that the birth of James, before the making of the will, brought the case within one of the resolutions of
 
 Wild’s
 
 case, 6. Rep. 16, and he takes jointly with his mother. But “ children” cannot be substituted for “ increase,” because the latter word means more than the former, and, like “ progeny7,” “ posterity,” or
 
 “
 
 seed” takes in all descendants — excluding only collaterals. Without any other
 
 *243
 
 word in that clause, or in the context, to control it, the Court cannot impose on it the • restricted sense of “ children.” It would not serve the purpose of the argument, to strike out that word from the will, because the gift, to the daughter, would then be absolute upon the previous terms of the gift; which is, simply, the gift of a personal chattel, and carries the whole property to the legatees. If “ increase” stand in the will, it would not help the plaintiffs even to interpolate “children,” so as to make it read “ children and increase.” Eor, in
 
 Roe
 
 v. Lowe, 1 H. Bl. 446, it was held, that a devise of a copyhold in trust, amongst other things, “ that A, then the tenant,
 
 and his children and
 
 posterity, which shall succeed, shall never be put forth or from the same, but always continue the possession, paying £11 rent,” gave A an equitable estate tail. That made “ posterity” not only a word of limitation, but one that was not controlled by being coupled with “ children,” which, although it may be a word or limitation, is usually, and in its natural sense, a word of purchase. “ Increase” seems to be here used, as exactly synonomous with “posterity” — both taking in all lineal relations, descendants, or seed. As long ago as Lord Coke’s time it was laid down, that a devise to one “forever” gives a fee simple, and to one, “
 
 et semi/ni suo”
 
 gives a fee tail; and consequently, the absolute property in a personal chattel; Co. Lit. 96.
 

 Here, the gift is expressly to the daughter, and to no one else; and to that gift are annexed words of perpetual succession “ to her and increase forever.” That denotes simply the quantum of interest to be taken by the daughter, and does not introduce another class of persons as purchasers with her; in other words, the testatrix used these as words of limitation. Neither of the plaintiffs has, therefore, any share of the slaves
 
 in presentí
 
 or
 
 in fuhtro
 
 and the bill must be dismissed with costs.
 

 Pee Curiam, Decree accordingly.